FILED

2020 Jun-30  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT GARRISON LEMMOND** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **vs.** | § | **COMPLAINT AND** |
| | § | **JURY DEMAND** |
| **WAL-MART STORES EAST, LP, d/b/a** | § | |
| **Walmart Supercenter Store Number** | § | |
| **315 and DOES "A" through "Z",** | § | |
| **inclusive,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## INTRODUCTION

1.      This action involves Walmart's negligent, reckless and malicious use and enforcement of "asset protection" policies, procedures, equipment and employees, resulting in the wrongful prosecution of the Plaintiff for felony theft of property from a Walmart Plaintiff has never even visited.

## PARTIES

2.      Plaintiff, Robert Garrison Lemmond (hereinafter "Mr. Lemmond" or "Plaintiff"), is over the age of nineteen (19) and is a resident of the State of Alabama.

3.      Defendant Wal-Mart Stores East, LP, (hereinafter "Walmart" or "Defendant") is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, and at all times relevant doing business as Walmart Supercenter, Store Number 315, located at 2453 2nd Ave East, Oneonta, Alabama 35121.  Defendant Walmart can be served with process through its registered agent CT Corporation System located at 2 N. Jackson Street, Suite 605, Montgomery, Alabama 36104.

1

4.      Fictitious Defendants "A" through "Z" inclusive, whether singular or plural, are those other persons,  firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are residents of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6.      Venue is proper in this court because a substantial part of the occurrences, events, acts and/or omissions made the basis of this Complaint occurred in this District.

## STATEMENT OF FACTS

7.      On or about August 30, 2019, Walmart employees, including Jessica Pajaron ("Pajaron") and/or one or more Does "A" through "Z", suspected that three individuals shoplifted nearly $1,500 worth of Walmart's property (electronics, knives, etc.). Pajaron, as Walmart's "Asset Protection Specialist", was tasked with the primary investigation of the alleged theft of property.

8.      On or about September 5, 2019, Pajaron and one or more Does "A" through "Z", contacted the Oneonta Police Department to report the alleged theft of property and to initiate criminal charges.

9.      Despite residing in a different county, bearing no relationship to the other two alleged perpetrators, and having never visited the Walmart in Oneonta, Alabama, Pajaron negligently, recklessly, maliciously and without probable cause or good faith identified the Plaintiff as one of the perpetrators of the theft.

10.     Subsequently, Pajaron and one or more Does "A" through "Z" completed and executed a sworn Affidavit in support of felony theft charges against the Plaintiff.

11.     On or about December 17, 2019, and as a direct and proximate result of the negligent, reckless and malicious actions and inactions of Defendant Walmart, by and through its employees Pajaron and one or more Does "A" through "Z", the Plaintiff was indicted for "Theft of Property in the Third Degree," a felony, in violation of Ala. Code (1975) § 13A-8-4.1(a) (theft of property exceeding $500 but not exceeding $1,499 in value.).

12.     On or about December 19, 2019, and as a direct and proximate result of the negligent and/or reckless actions and inactions of Defendant Walmart, by and through its employees Pajaron and one or more Does "A" through "Z", a writ was issued for Plaintiff's arrest for felony theft of property.

13.     Upon information and belief, after December 17, 2019 but before January 5, 2020, Pajaron realized that she had misidentified the Plaintiff as an alleged perpetrator of the theft, and thus that Plaintiff was not guilty of felony theft.  Despite her realization, Pajaron and Defendant Walmart neglected to take any action to prevent the Plaintiff from being prosecuted, arrested, imprisoned, injured and damaged.

14.     Instead, on or about January 5, 2020, Pajaron executed a Restitution Affidavit on behalf or Walmart in which she swore Walmart was victimized by the Plaintiff (and two other alleged perpetrators) in the amount of $1,423.01.

15.     On or about February 20, 2020, the Plaintiff received in the mail a Notice of Arraignment for the charge of "Theft of Property 3R", listing him as the "Defendant".

16.     On February 25, 2020 and due to his well-founded fear of being arrested, Plaintiff traveled from Hartselle, Alabama to Oneonta, Alabama, and presented himself to the Oneonta Police Department.

17.     Plaintiff was arrested by the Oneonta Police Department, which included, among other things, the temporary seizure of his belongings, handcuffs applied to restrain and arrest his person, the taking of his fingerprints, the taking of photographs of his person (i.e. mugshots), and the confinement and/or imprisonment of his person in a jail or holding cell.

18.     Subsequently, Plaintiff was caused to retain a bail bondsman to secure his release from jail in advance of arraignment and/or trial.

19.     Plaintiff's mugshots made public via "BustedNewsPaper.com".

20.     Upon his release, Plaintiff visited the Blount County District Attorney, who, after a cursory review of the "evidence" against the Plaintiff provided by Walmart, Pajaron and one or more Does "A" through "Z", immediately sought the dismissal of all charges against the Plaintiff because "[u]pon review of the evidence, the State cannot prove any charges against the Defendant."

21.     At all times relevant, Defendant Walmart and its employees, including Pajaron and one or more Does "A" through "Z", lacked probable cause and acted with malice towards the Plaintiff in causing or contributing to cause him to be prosecuted for felony theft.

22.     At all times relevant, Defendant Walmart and its employees, including Pajaron and one ore more Does "A" through "Z" failed to act in good faith concerning their suspicion, investigation, provision of information, and prosecution of the Plaintiff.

23.     At all times relevant, Pajaron and one or more Does "A" through "Z" were acting within the line and scope of his/her/their employment with, and at the direction, behest, under the guidance and pursuant to the requirements, including "asset protection" policies and procedures and requirements of, Defendant Walmart.

24.     At all times relevant, Defendant Walmart was negligent and/or reckless in the design, form, substance, nature, guidance, training, supervision and enforcement of its policies and procedures concerning "asset protection" or "shrinkage", including such training and supervision of "asset protection" associates, specialists and supervisors, including Pajaron and one or more Does "A" through "Z".

25.     At all times relevant, Defendant Walmart instituted and employed a pattern and practice of negligent, reckless, malicious and unlawful tactics, policies and procedures concerning asset protection and/or shrinkage which has resulted in false arrests, malicious prosecutions, fines, and other adverse and detrimental actions against persons, such as the Plaintiff, clearly and objectively innocent of any crime or wrongdoing.

26.     At all times relevant, Defendant Walmart and its asset protection employees, including Pajaron and one or more Does "A" through "Z", neglected to access available information and ignored other information in their possession, any or all of which would have objectively verified Plaintiff was not guilty of theft of property, has never visited the Walmart where the alleged theft occurred and has no association or relationship to or with the other two alleged perpetrators, had Walmart, Pajaron and/or Does "A" through "Z" bothered to consider the information.

27.     At all times relevant, Walmart monetarily incentivized asset protection employees, such as Pajaron and one or more Does "A" through "Z", to make and

participate in the making of arrests and penalized and/or reprimanded asset protection employees for failing to meet certain asset protection arrest and/or recovery quotas.

28.     By incentivizing its employees to make arrests and penalizing or reprimanding employees for failing to meet arrest or recovery quotas, Walmart knowingly placed its profits over people, including those who have not visited its store, such as the Plaintiff.

## COUNT I
### False Imprisonment

29.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as if the same were set out fully herein.

30.     Defendant Walmart's negligence, malice, recklessness, and/or wantonness, caused or contributed to cause the Blount County Police Department to unlawfully arrest, detain and/or imprison Plaintiff for a period of time and deprive him of his personal liberty.

31.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was injured and damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, named and fictitious, jointly and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

## COUNT II
### Malicious Prosecution

32.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as if the same were set out fully herein.

33.     The Defendants, with malice and without probable cause and lacking in good faith, caused or contributed to cause judicial proceedings to be brought against the Plaintiff.

34.     The proceedings the Defendants caused to be brought against the Plaintiff were terminated in favor of the Plaintiff.

35.     As a result of Defendants' malicious prosecution, Plaintiff suffered both mental anguish and damage to his reputation which is reasonably certain to continue in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, named and fictitious, jointly and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

**COUNT III**
**Defamation**

36.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as if the same were set out fully herein.

37.     Defendant Walmart, by and through Pajaron and one or more Does "A" through "Z", negligently or recklessly made false and defamatory statements concerning the Plaintiff to one or more third parties, which they knew or should have known to be untrue, defamatory and likely injurious to the Plaintiff's reputation, but were made anyway, constituting slander.

38.     Defendant Walmart caused or contributed to cause said statements to be reduced to print, writing, pictures or signs, constituting libel.

39.     Defendants' defamatory statements caused harm to Plaintiff's reputation and are reasonably certain to cause Plaintiff to suffer economic and non-economic damages in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, named and fictitious, jointly and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

## COUNT IV
### Negligent or Wanton Hiring, Training, & Supervision

40.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as if the same were set out fully herein.

41.     Defendant Walmart was negligent or wanton in its hiring, training and supervision of its employees, including Pajaron and one or more Does "A" through "Z", whom participated, in whole or in part, in causing or contributing to cause Plaintiff to be prosecuted for felony theft.

42.     Defendants' negligence or wantonness proximately caused Plaintiff to be injured and damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, named and fictitious, jointly and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

## COUNT V
### Vicarious Liability

43.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as if the same were set out fully herein.

8

44.     All times relevant, Pajaron and one or more Does "A" through "Z", were acting within the line and scope of his/her/their employment with, and at the direction, behest, under the guidance and pursuant to the requirements, including "asset protection" policies and procedures and requirements of, Defendant Walmart.

45.     The actions and inactions of Pajaron and one or more Does "A" through "Z" were negligent, careless, reckless, malicious and lacking in good faith.

46.     The actions and inactions of Pajaron and one ore more Does "A" through "Z" directly and proximately caused Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, named and fictitious, jointly and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

**COUNT VI**
**Fictitious Defendants**

47.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as if the same were set out fully herein.

48.     Does "A" through "Z" are also liable to the Plaintiff per the factual allegations, causes of actions and theories set forth herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages suffered as a result of Defendants' defamatory statements, including damages for mental anguish, harm to reputation, loss of income, and loss off future income.

**JURY DEMAND**

49.     Plaintiff demands trial by struck jury.

*/s/ Nathan C. VanDerVeer*
Nathan C. VanDerVeer (VAN048)

OF COUNSEL:
**GOLDASICH, VICK & FULK**
2100 Third Avenue North, Suite 400
Birmingham, Alabama 352403
Tel: (205) 731-2566
Fax: (205) 731-9451
Email: nate@golaw.net